IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02742-BNB

LEO SIMMONS,

      Applicant,

v.

JAMES FALK, Warden, and
JOHN SUTHERS, Attorney General,

      Respondent.

---

## ORDER OF DISMISSAL

---

Applicant, Leo Simmons, is a prisoner in the custody of the Colorado Department

of Corrections (DOC) who currently is incarcerated at the correctional facility in Sterling,

Colorado.  Applicant, acting *pro se*, initiated this action by filing an Application for a Writ

of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Applicant has been granted leave to

proceed pursuant to 28 U.S.C. § 1915.

On October 25, 2012, Magistrate Judge Boyd N. Boland ordered Respondents to

file a preliminary response to the habeas corpus application addressing the affirmative

defenses of timeliness and exhaustion of state court remedies.  On November 21, 2012,

Respondents filed a Response.  Applicant did not reply to the Preliminary Response but

filed a Brief in support of his Application on November 26, 2012.

The Court must construe the Application and Brief liberally because Applicant is

a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a pro se

litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the action will be dismissed.

Applicant asserts that he has been held for more than eighteen months past his mandatory release date.  Application at 2.  He further contends that the prison has created a "counterfeit" mittimus, which has changed his status and placed him in imminent danger.  *Id.*  Applicant also states he has exhausted his claims, but the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) found that he had not.  *Id.* at 3.  He claims that he filed a direct appeal with the Colorado Supreme Court (CSC) and appealed his claims to this Court and to the Tenth Circuit in an effort to exhaust his claims.  *Id.*  Applicant further claims he filed grievances and classification appeals that have been denied, and he sent a letter to the parole board, but the parole board has not responded.  Also, his case manager told him that the mittimus is correct.  *Id.*

In his Brief, Applicant restates his counterfeit mittimus claims.  He contends he was told that he "was paroled by the Colorado Parole Board to his mandatory discharge date" and that based on the parole board's statement he should be released.  Brief at 2.  Applicant also asserts that the mittimus incorrectly states he pled guilty, which has prejudiced him in his Colorado Court of Appeals (CCA) and CSC proceedings.  Brief at 4.  Also in the Brief, Applicant raises conditions of confinement claims and challenges the validity of his conviction.  Neither the conditions claims nor the validity of conviction challenges can be raised in a § 2241 action.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (challenge to validity of conviction is purpose of a 28 U.S.C. § 2254 action and challenge to execution of a sentence is purpose of a 28 U.S.C.

2

§ 2241 action); *see also Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. Aug. 10, 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 . . . .").

An applicant must exhaust state remedies before he may pursue his claims in a habeas corpus action in this Court. *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). Like other habeas applicants, a § 2241 applicant fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). This requirement "is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*, 404 U.S. at 278; *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus applicant to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court

3

proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Respondents specifically argue that Applicant is able to challenge his counterfeit mittimus claim in a Colorado state court as a civil habeas petition. Preliminary Resp., ECF No. 12, at 3. Respondents assert that they have reviewed the Colorado State Court Data Access database, which is the official state database of all cases filed in Colorado courts, but there is no record that Applicant was a party to a civil habeas corpus case in the past two years. *Id.* Also, Respondents assert that the Colorado Attorney General's Office has no record of service of any state court action by Simmons in which he claims he is wrongfully confined due to a counterfeit mittimus. *Id.*

Applicant's only claim of exhaustion is that he filed a direct appeal to the CSC, which was denied, and then appealed the denial of the direct appeal by filing in this Court and appealing to the Tenth Circuit. A review of the Court's Docket shows that Applicant did file a previous habeas action in this Court involving the same state criminal case, which was dismissed on appeal by the Tenth Circuit. *See Simmons v. Chapdelaine, et al.*, No.12-cv-00130-LTB (D. Colo. May 29, 2012) (dismissed for failure to exhaust state court remedies), *dismissed on appeal*, No. 12-1254 (10th Cir. Sept. 18, 2012). In Case No. 12-cv-00130-LTB, Applicant, however, challenged the validity of his conviction and not the execution of his sentence as he does in this case.

Although Applicant filed another habeas application, the issues raised involved the validity of a conviction in a different state criminal case. *Simmons v. Zavaras, et al.*, No. 08-cv-02164-ZLW (D. Colo. Nov. 24, 2009), *dismissed on appeal*, No. 10-1026

4

(10th Cir. Apr. 29, 2010).  Nothing Applicant asserts indicates he has exhausted the claims he raises in this action.

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his . . . claims through one 'complete round of the State's established appellate review process.' " *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).  Based on the above findings, Applicant has not presented his counterfeit mittimus claims in a request for mandamus relief or a civil habeas action for a review on the merits.  The Application, therefore, will be denied and the action dismissed for failure to exhaust state court remedies prior to initiating the instant lawsuit.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action dismissed without prejudice for failure to exhaust state court remedies before seeking federal court review. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED February 22, 2013, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court