IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02742-LTB

LEO SIMMONS,

     Applicant,

v.

JAMES FALK, Warden, and
JOHN SUTHERS, Attorney General,

     Respondents.

---

## ORDER DENYING MOTION FOR RECONSIDERATION

---

This matter is before the Court on the Motion for Reconsideration that Applicant filed on March 11, 2013.  Applicant contends that he did not receive a copy of the Preliminary Response that Respondents filed with the Court on November 21, 2013, although Respondents have filed two certificates of service with the Court, one on November 21, 2012, (indicating the Response would be mailed on November 23, 2012), and the other on December 21, 2013, indicating a copy of the Preliminary Response was mailed to Applicant on December 21.  Applicant contends there is a prison log for incoming and outgoing mail and if he had received any mail it would be noted on the log.

The Court must construe the Motion liberally because Applicant is proceeding *pro se.  See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the Court will deny the Motion for Reconsideration.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). A litigant subject to an adverse judgment and who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Applicant's Motion for Reconsideration pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on February 22, 2013. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

The two certificates of service provided by Respondents correctly note Applicant's address; the same address used by the Court to send correspondence to Applicant. Although Applicant asserts that if any legal mail was received by the prison it

2

would be noted on the prison log, he has not submitted to the Court a copy of the prison log showing that from November 21, 2012, forward there are no entries for legal mail from Respondents to Applicant.  Accordingly, it is

ORDERED that the Motion for Reconsideration is denied without prejudice with leave to refile once Applicant has sufficient evidence to demonstrate to the Court that Respondents failed to send a copy of the Preliminary Response to him.

DATED at Denver, Colorado, this  18th  day of ____March_____, 2013.

BY THE COURT:


    s/Lewis T. Babcock
    LEWIS T. BABCOCK, Senior Judge
    United States District Court